GUIDRY, Judge.
Ronald Trouard and Anna Belle Trouard, sole heirs of Edward J. Trouard, deceased, brought this suit against All American Assurance Company (hereafter All American) seeking payment of proceeds allegedly due under a contract of credit life insurance and for penalties and attorney’s fees. Metro Federal Savings & Loan Association, formerly Guaranty Federal Savings and Loan Association (hereafter Metro), was also named as a defendant. Plaintiffs, in the alternative, assert their right to damages from Metro for its alleged failure to procure insurance. Metro filed a third party demand against All American for indemnity. All American also filed a third party demand against Metro for indemnity and/or contribution.
The case was submitted to the trial court upon the deposition of one witness, the pleadings, answers to interrogatories and admissions of fact. The trial judge rendered judgment in favor of the plaintiffs against All American for the proceeds of the credit life insurance policy together with penalties and legal interest. All other claims were dismissed. All American appeals from the judgment only insofar as it dismisses its third party demand against Metro. There were no other appeals taken and no answers to All American’s appeal.
The facts are undisputed. Edward J. Trouard requested credit life insurance on November 27, 1978 in connection with a loan from Guaranty Federal, the ancestor of Metro. Metro withheld the sum of *544 $950.00 from the loan proceeds, which sum it forwarded to Insurance Unlimited, a general insurance agency. Insurance Unlimited, presumably as agent for All American, issued a certificate of insurance in the name of Edward J. Trouard and forwarded it with a check in the amount of $332.50 to All American. The check .and certificate were signed by Larry Christ of Insurance Unlimited. Insurance Unlimited retained the balance ($617.50) as a commission.
On December 4, 1978, All American received the certificate and check, which it deposited to its account, but then decided to cancel the policy. Cathy Touchet, the account clerk at All American, wrote the words “flat cancelled” across the certificate. She then forwarded to Metro a copy of the cancelled certificate, a check in the amount of the premium payment made payable to Metro, and a cover letter explaining the reason for cancellation and directing Metro to “cancel coverage and refund premium.” Metro deposited the check to its account. Neither All American nor Metro notified Mr. Trouard of cancellation of the policy nor did they refund the premium.
Mr. Trouard died on October 11, 1980 and All American thereafter denied coverage to Mr. Trouard’s heirs. This suit was then instituted by plaintiffs against All American and Metro. Insurance Unlimited was not made a party to this suit.
All American bases its third party demand on the allegation that Metro acted as their agent or as a commissioned broker and that Metro’s failure to give notice of cancellation and refund the premium to Trouard entitles All American to indemnity and/or contribution.
In this regard, the trial judge stated as follows:
“.. There’s nothing in the record, so far as I know of, demonstrating a contract between All American and Guaranty Federal, now Metro Federal, which obligates Metro to perform the function required by law to be performed by All American, or in their behalf. Do you know of any, or is there anything in the record, Mr. Kleinpeter?
MR. KLEINPETER: No sir. Neither one of us can find the master policy. Apparently it’s been destroyed by both entities, or lost somewhere along the way.
THE COURT: In that event, there being no showing of any contractual (sic) responsibility for the assumption of that duty, then the judgment will be rendered as prayed for on behalf of the plaintiff, and against the defendant, All American Assurance Company. The third party demands of All American Assurance Company and Metro Federal, against each other, will be dismissed, all at the cost of the defendant, All American.... ”
After a careful review of the record, we concur with the trial judge’s conclusion that the defendant simply failed to make a sufficient evidentiary showing of a principal-agent relationship between All American and Metro or that Metro was a commissioned insurance broker such as to entitle All American to a judgment over against Metro.[2]
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are assessed against defendant, All American Assurance Company.
AFFIRMED.

. We express no opinion regarding All American’s entitlement to reimbursement of the return premium forwarded to Metro and deposited by the latter to its account as this matter is not before this court on appeal.